**MICHAEL R. DOCHERTY**
Attorney at Law, PLLC
4600 West 77th Street, Suite 227
Edina, Minnesota 55435

TELEPHONE
(952) 897-6646
FAX
(952) 897-6647
E-MAIL
michael@dochertylaw.com

August 3, 2012

U.S. Magistrate Judge Jeanne J. Graham
United States District Court
346 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re:   Milavetz, Gallop & Milavetz, P.A. v. Wells Fargo Bank, N.A.
      Court File No. 12-CV-00875 (MJD/JJG)

Dear Magistrate Judge Graham:

At the July 27, 2012 hearing on Defendant's Rule 12 motion, you gave the parties permission to submit letters responding to the cases, not found in the briefs, which were cited by the other party at the hearing. The following is the submission of Plaintiff Milavetz, Gallop & Milavetz, P.A. ("MGM").

At the hearing, counsel for Defendant Wells Fargo cited two new cases, and provided a page cite for the proposition each case was cited for: Cummings v. Paramount Partners, LP, 715 F. Supp. 2d 880, 906 (D. Minn. 2010); and In re: Medtronic, Inc., Securities Litigation, 618 F. Supp. 2d 1016, 1035 (D. Minn. 2009).  For the reasons that follow, MGM submits that neither of these cases is relevant to Defendant's Rule 12 motion.

Defense counsel cited both cases for the proposition that there is no recognized doctrine of collective corporate scienter and that what is relevant is the subjective state of mind of the individual. Cummings and Medtronic are both securities fraud cases, and both discuss the scienter requirement under § 10(b) of the Securities Act, Rule 10b–5 enacted thereunder, and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b).

This is not a securities fraud claim. Elements required under the Private Securities Litigation Reform Act do not apply to this case. In Medtronic, the court noted "The Reform Act requires a complaint to state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 618 F. Supp. 2d at 1032-33.  The court further stated that "[a] strong inference of scienter may be established when the defendants "(1) benefited in a concrete and personal way from the purported fraud, (2) engaged in deliberately illegal behavior, (3) knew facts or had access to information suggesting that their public statements were not accurate, or (4) failed to check information they had a duty to monitor." Kushner v. Beverly Enters., Inc., 317 F.3d 820, 827 (8th Cir.2003). This is clearly not the kind of scienter that is at issue before this court.

August 3, 2012
Page 2 of 2

      Medtronic expressly rejected the "collective corporate scienter" doctrine "which allows a plaintiff to demonstrate scienter 'through the sum of its employees' activities and knowledge.'" In doing so, the Medtronic court concluded that the Eighth Circuit has rejected the doctrine, but acknowledged it had only done so implicitly.  The court in Medtronic noted that in Kushner v. Beverly Enters., Inc., 317 F.3d 820, 827-30 (8th Cir. 2003), after determining that plaintiffs had not established scienter by any individual employee, the court dismissed the complaint without addressing the scienter of the corporate defendant.

      In Cummings, the court did not expressly reject the collective scienter doctrine. The court in that case held that because Plaintiff had demonstrated scienter on the part of individual defendants who were officers or agents of the defendant partnership, scienter could be imputed to the partnership.  In so holding, the Cummings court cited Southland Sec. Corp. v. INSpire Ins. Solutions, 365 F,3d 353, 367 (5th Cir. 2004) for the proposition that at least one corporate agent must possess the requisite scienter in order for a court to impute scienter to the corporation. Because the court in Cummings had already found individual scienter, however, its citation of Southland is mere dicta for purposes of the collective scienter doctrine.

      We did not argue collective, or corporate, scienter -- as that term is used in the Medtronic case -- in our brief or at the hearing. The position I argued at the hearing is that the First Amended Complaint sufficiently pleads scienter on the part of one individual Wells Fargo employee, Wendy Little.  Under the well-established rule followed in Cummings, therefore, Ms. Little's scienter can be imputed to defendant Wells Fargo as a corporate entity.

      The cases cited by Defendant at the July 27, 2012 hearing reject a doctrine which Plaintiff did not argue in its brief and are not arguing at this time.[1]  The cases are therefore of no assistance to the resolution of the motion currently before the Court.

      Sincerely,

      /s/ Michael R. Docherty

---

[1] Plaintiff reserves the right, however, to argue collective scienter at a later date, since it appears the Eighth Circuit has not expressly rejected the doctrine.  If discovery should indicate that a Wells Fargo employee had actual knowledge the counterfeit check had been returned, Plaintiff may wish to preserve its right to argue for the adoption of the collective scienter doctrine in this Circuit.  That issue is not before the Court at this time, however.