# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MINNESOTA

_____

Milavetz, Gallop & Milavetz, P.A.,     Civ. No. 12-CV-00875 (SRN/JJG)

     Plaintiff,

v.     **PLAINTIFF'S REPLY TO COUNTERCLAIM OF WELLS FARGO**

Wells Fargo Bank, N.A.,

     Defendant.

_____

Plaintiff Milavetz, Gallop & Milavetz, P.A. ("MGM"), hereby answers the Counterclaim of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") by denying each and every allegation, matter, and thing contained in the Counterclaim except as specifically herein admitted, qualified or otherwise stated and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendo or speculation contained in any averment or in the Counterclaim as a whole, and further answers the Counterclaim, by reference to Wells Fargo's enumerated paragraphs in the Counterclaim and asserts affirmative defenses as follows:

1.     MGM admits the allegations contained in Paragraph 256 of the Counterclaim.

2.     MGM admits the allegations contained in Paragraph 257 of the Counterclaim.

3.     The allegations contained in Paragraph 258 of the Counterclaim call for a legal conclusion and do not require a response from MGM. To the extent the allegations

contained in this paragraph require a response from MGM, MGM states as follows: MGM admits that it made warranties under § 3-416 but affirmatively states that Wells Fargo is equitably estopped from asserting any claim based on those warranties. MGM denies that Minn. Stat. § 336.4-407 gives rise to any liability on the part of MGM or has any application to this case, and affirmatively states that to the extent Wells Fargo relies on the warranties of § 336.4-207, Wells Fargo is equitably estopped from asserting any claim based on those warranties. MGM also asserts that Wells Fargo was in a better position than MGM to determine whether the check was fraudulent, due to the warnings received from the Federal Reserve and others regarding similar scams. MGM denies the remaining allegations in Paragraph 258.

4.     With respect to the allegations in Paragraph 259 of the Counterclaim, MGM admits it now knows it was not a person entitled to enforce the check; denies any implication it had such knowledge at the time it transferred the Check to Wells Fargo; and affirmatively states that Wells Fargo is equitably estopped from asserting any claim based on the warranties set forth in Minn. Stat. § 3-416 or § 336.4-207. MGM also asserts that Wells Fargo was in a better position than MGM to determine whether the check was fraudulent, due to the warnings received from the Federal Reserve and others regarding similar scams.

5.     With respect to the allegations in Paragraph 260 of the Counterclaim, MGM admits it now knows that all signatures on the Check were not authentic; denies any implication it had such knowledge at the time it transferred the Check to Wells Fargo; and affirmatively states that Wells Fargo is equitably estopped from asserting any claim based on the warranties set forth in Minn. Stat. § 3-416 or § 336.4-207. MGM also

asserts that Wells Fargo was in a better position than MGM to determine whether the check was fraudulent, due to the warnings received from the Federal Reserve and others regarding similar scams.

6.    With respect to the allegations in Paragraph 261 of the Counterclaim, MGM admits it now knows that all signatures on the Check were not authorized; denies any implication it had such knowledge at the time it transferred the Check to Wells Fargo; and affirmatively states that Wells Fargo is equitably estopped from asserting any claim based on the warranties set forth in Minn. Stat. § 3-416 or § 336.4-207. MGM also asserts that Wells Fargo was in a better position than MGM to determine whether the check was fraudulent, due to the warnings received from the Federal Reserve and others regarding similar scams.

7.    MGM denies the allegations contained in Paragraph 262 of the Counterclaim.

8.    MGM denies the allegations contained in Paragraph 263 of the Counterclaim.

9.    MGM denies the allegations contained in Paragraph 264 of the Counterclaim.

10.    MGM admits the allegations contained in Paragraph 265 of the Counterclaim.

11.    MGM admits the allegations contained in Paragraph 266 of the Counterclaim.

12.    MGM admits the allegations contained in Paragraph 267 of the Counterclaim.

13.     The allegations contained in Paragraph 268 of the Counterclaim call for a legal conclusion and do not require a response from MGM.  To the extent the allegations contained in this paragraph require a response from MGM, MGM denies those allegations.

14.     MGM admits the allegation contained in Paragraph 269 of the Counterclaim.

15.     MGM denies the allegations contained in Paragraph 270 of the Counterclaim.

With respect to Wells Fargo's Prayer for Relief, MGM admits that Wells Fargo purports to seek certain relief in this lawsuit based on various alleged claims for relief, but MGM denies that Wells Fargo is entitled to the relief described in the Counterclaim.

MGM denies each and every allegation of the Counterclaim which has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     Wells Fargo has failed to allege facts sufficient to state a claim against MGM upon which relief can be granted.

2.     Wells Fargo is equitably estopped from asserting the claims alleged in the Counterclaim.

3.     Wells Fargo's claims are barred, in whole or in part, by the doctrine of waiver.

4.     Wells Fargo has failed to mitigate its damages and, therefore, any recovery by Wells Fargo against MGM should not include any loss which Wells Fargo could have prevented by reasonable care and diligence.

5.      Wells Fargo's claims are barred, in whole or in part, by Wells Fargo's comparative negligence, fault, responsibility, or want of due care.  Therefore, Wells Fargo may be barred from any recovery, or any recoverable damages should be reduced in proportion to the amount of negligence, fault, responsibility, or want of due care attributable to Wells Fargo.

6.      If Wells Fargo sustained any injuries or incurred any damages, such injuries and damages were the result of the acts, wrongs, or omissions by intervening or superseding causes or by other persons, entities, forces, and/or things over which MGM had no control and for which MGM is not responsible.

7.      Wells Fargo's claims are barred, in whole or in part, by the applicable statutes of limitation.

8.      MGM reserves the right to assert any additional defenses as may become available through investigation and discovery.


                                    MICHAEL R. DOCHERTY, ATTORNEY
                                    AT LAW, PLLC



Dated:  October 26, 2012          By:  /s/ Michael R. Docherty
                                       Michael R. Docherty # 16690X
                                  4600 West 77th Street, Suite 227
                                  Edina, MN 55435
                                  Phone:  952-897-6646
                                  Fax:     952-897-6647

                                  ATTORNEY FOR PLAINTIFF